# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:03-00147 |
| | ) | Judge Trauger |
| PATRICK WATTS | ) | |

## MEMORANDUM and ORDER

The defendant has requested, once again, a sentencing reduction under the crack cocaine amendments. (Docket No. 138) The court denied his first motion (Docket No. 112) in an Order entered March 17, 2008 (Docket No. 116), which was affirmed by the Sixth Circuit Court of Appeals on March 12, 2009 (Docket No. 135).

The defendant seems to be of the impression that some case law issued after that appellate decision might have impacted his ability to secure a sentencing reduction. That impression is in error. Although *Freeman v. United States*, 131 S. Ct. 2685 (2011) held that some Rule 11(c)(1)(C) plea agreement cases might qualify for a reduction in sentence under the crack cocaine amendment, the sentences that so qualify are ones where what the district court "said and did at the original sentencing" reveals that, in fact, the sentence was based upon the crack cocaine guidelines. *United States v. Hameed*, 614 F.3d 259, 264 (6th Cir. 2010) (internal citations omitted).

The court has reviewed the transcript of the entire sentencing hearing held in this case on August 26, 2005 (Docket No. 133). The court made no reference whatsoever to basing its sentence upon the crack cocaine guidelines. The defendant qualified as a career offender, resulting in a guideline range of 292-365 months. However, because the government filed a motion for downward departure under § 5K1.1 of the Federal Sentencing Guidelines as a result

of the defendant's substantial assistance (Docket No. 101), the court granted the resulting binding plea agreement for 144 months of incarceration. This defendant's sentencing was based upon the career offender guideline, from which a downward departure was granted as a result of his substantial assistance. The crack cocaine guideline actually did not enter into the equation at all. *See also United States v. Thompson*, _ F.3d _, No. 12-4118, 2013 WL 1859119 (6th Cir. May 6, 2013).

For the reasons contained herein, it is hereby **ORDERED** that the defendant's request for a sentencing reduction pursuant to the crack cocaine amendments (Docket No. 138) is **DENIED**.

It is so **ORDERED**.

ENTER this 5th day of June 2013.

ALETA A. TRAUGER
U.S. District Judge